UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL SWAW,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFEWAY, INC.,<br><br>    Defendant. | CASE NO. C15-939 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

THIS MATTER comes before the Court on Defendant's Motion for Judgment on the Pleadings. (Dkt. No. 9.) Having considered the Parties' briefing and the related record, the Court GRANTS the motion.

**Background**

Plaintiff Michael Swaw brings suit against Safeway, Inc., his former employer, asserting claims for employment discrimination on the basis of disability under the Washington Law Against Discrimination ("WLAD"). (Dkt. No. 2-1 at 4-8.) Plaintiff asserts he was discriminated against on the basis of his disabilities when Defendant terminated his employment at Safeway's

Beverage Plant after he tested positive for marijuana, which Plaintiff used after hours pursuant to a valid Washington state medical marijuana prescription for his medical condition. (Id.)

Defendant maintains a drug-free workplace, and its policy prohibits "testing positive for" a controlled substance on the job or on company premises. (Dkt. No. 1-1 at 35.) "Controlled substance" is defined to include "all chemical substances or drugs listed in any controlled substances acts or regulations applicable under federal, state, or local laws." (Id. at 37.) The Collective Bargaining Agreement ("CBA") between Safeway and Teamsters Local Union No. 117, which governs the Safeway Beverage Plant where Plaintiff was employed, entitles Safeway to drug test employees who are injured on the job, as Plaintiff was. (Id. at 28.)

Plaintiff filed suit in King County Superior Court, and Defendant removed the case to federal court. (Dkt. No. 1.) Defendant now moves for judgment on the pleadings on all of Plaintiff's claims, arguing that Washington law provides that employers have no duty to accommodate medical marijuana in drug-free workplaces, and that Plaintiff's suit is untimely. (Dkt. No. 9.) Plaintiff opposes the dismissal of all claims except for his hostile work environment claim. (Dkt. No. 15 at 2.)

**Discussion**

I. Legal Standard

    A. Judgment on the Pleadings

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Milne ex rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir. 2005).

II.     Failure to State a Claim

The Court concludes that Plaintiff has failed to state a claim for employment discrimination under Washington law.  Plaintiff asserts that Defendant unlawfully discriminated against him by terminating his employment for testing positive for a controlled substance because Plaintiff has a valid medical marijuana prescription allowing him to use marijuana after hours to treat his disabilities, and by disciplining him more harshly than employees found to have been actually intoxicated with alcohol at work.  (Dkt. No. 15 at 1-3, 18-19.)  However, Washington law does not require employers to accommodate the use of medical marijuana where they have a drug-free workplace, even if medical marijuana is being used off site to treat an employee's disabilities, and the use of marijuana for medical purposes remains unlawful under federal law.  See 21 U.S.C. § 812(c); RCW 69.51A.060(6) ("Employers may establish drug-free work policies.  Nothing in [the Medical Use of Marijuana Act] requires an accommodation for the medical use of cannabis if an employer has a drug-free work place"); Roe v. TeleTech Customer Care Mgmt., LLC, 171 Wn.2d 736, 748, 751 (2011) ("The language of [the Medical Use of Marijuana Act] is unambiguous—it does not regulate the conduct of a private employer or protect an employee from being discharged because of authorized medical marijuana use."); see also Gonzales v. Raich, 545 U.S. 1 (2005).

Here, Safeway maintained a drug-free-workplace policy, a policy to which Plaintiff agreed to adhere.  Safeway was entitled to drug test Plaintiff following his workplace injury.  Plaintiff tested positive for marijuana while on the job or on company premises, in violation of Safeway's drug-free policy.  He was promptly terminated in response to that drug test, in accordance with the CBA's protocols.  Defendant was under no legal obligation to make an exception to its policy for Plaintiff, regardless of his medical marijuana prescription.

ORDER GRANTING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS- 3

Plaintiff's argument that he states a claim because he was disparately disciplined in comparison with employees who were intoxicated with alcohol is unavailing.  Marijuana is a Schedule I controlled substance and is illegal under federal law; alcohol is not.  Defendant was under no obligation to treat Plaintiff in the same manner as it treated those found to have been intoxicated with alcohol because users of an illegal intoxicant are not a protected class.  The Court finds that Plaintiff cannot state a claim for employment discrimination on the basis of disability for his termination for violating Safeway's drug-free workplace policy by testing positive for medical marijuana.

Plaintiff also fails to state a claim for retaliation.  Plaintiff asserts that he engaged in a protected activity when he informed Defendant that he used marijuana for medicinal reasons.  (Dkt. No. 15 at 20.)  However, to engage in a "protected activity" under the WLAD, a plaintiff must oppose practices forbidden by the WLAD, i.e., discrimination.  See, e.g., Ellis v. City of Seattle, 142 Wn.2d 450, 460-61 (2000).  Informing one's employer that one uses marijuana for medicinal purposes does not constitute opposing an activity reasonably considered to be discrimination on the basis of disability under the WLAD.

Because Plaintiff cannot state a plausible claim upon which relief can be granted, the Court does not reach Defendant's statute of limitations argument.  The Court notes that Plaintiff's Response discuses a claim for wrongful termination in violation of public policy.  (Dkt. No. 15 at 12-15.)  Plaintiff's complaint does not assert a claim for wrongful termination in violation of public policy, (Dkt. No. 2-1 at 4-8), and the deadline for amending pleadings has now passed.  (See Dkt. No. 13.)  Because Plaintiff has not moved to amend his complaint to include this claim, the Court does not address the claim here.

**Conclusion**

Because Plaintiff cannot state a plausible claim to relief, the Court GRANTS Defendant's Motion for Judgment on the Pleadings.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 20th day of November, 2015.

Marsha J. Pechman
Chief United States District Judge